UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MCCREA,<br>Plaintiff,<br>v.<br>WILLIAM MUNIZ, et al.,<br>Defendants. | Case No. 17-cv-01041-MEJ (PR)<br><br>**ORDER OF PARTIAL SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at Kern Valley State Prison, has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. Plaintiff names as defendants SVSP Warden William Muniz and SVSP correctional guards J. Benefield and B. Chavez. Plaintiff has been granted leave to proceed in forma pauperis by separate order. The Court now conducts an initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

**1.  Conditions of Confinement**

Plaintiff claims that for six days—between October 2 and October 7, 2016—he was forced to live in inhumane conditions of confinement. Specifically, he alleges that raw sewage came up from the sink in his cell and overflowed onto his cell floor, forcing him to breath the odors of raw sewage and generally live in unsanitary conditions for six days. Plaintiff also alleges that he was without clean drinking water during this time. Finally, plaintiff alleges that Warden Muniz was aware of the plumbing problem, but plaintiff was never moved to another cell or provided with cleaning supplies.

Liberally construed, plaintiff states a cognizable Eighth Amendment claim, as against warden Muniz, that his confinement in unsanitary conditions and without drinking water for an extended period amounted to unconstitutional punishment. *See Johnson v. Lewis*, 217 F.3d 726, 732-33 (9th Cir. 2000) (substantial deprivations of shelter, food, drinking water or sanitation for four days are sufficiently serious to satisfy the objective component of an Eighth Amendment claim).

**2.  Unrelated Claims**

Plaintiff also makes claims for retaliation as against J. Benefield and B. Chavez. These

2

claims are DISMISSED without prejudice because they are unrelated by fact or law to the conditions of confinement claim. Plaintiff is advised that a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997). If plaintiff wishes to pursue relief for his unrelated claims, he must file a separate civil rights action.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's complaint states a cognizable Eighth Amendment claim, as against Warden William Muniz. The Clerk shall add William Muniz as a defendant on the court's docket in this action.

2. Plaintiff's claims against J. Benefield and B. Chavez are dismissed without prejudice to filing in another action. The Clerk shall terminate J. Benefield and B. Chavez as defendants on the court's docket in this action.

3. The Clerk shall issue summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint (dkt. no. 8) with all attachments, and a copy of this order on **Warden William Muniz** at **Salinas Valley State Prison**.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and

3

adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

      5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit

---

[1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponents. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: October 5, 2017

MARIA-ELENA JAMES
United States Magistrate Judge

5